UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          v.                         3: 00-CR-269

LAVIN MATTHEWS,

                 Petitioner.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Petitioner, Levin Matthews, filed a timely motion pursuant to U.S.C. § 2255 seeking to set aside his conviction and sentence. With the Court's permission, Petitioner filed a supplemental motion. Petitioner requested that the Court treat the supplemental papers as a "one time all inclusive § 2255 application." Accordingly, the Court will look only to the arguments asserted in Petitioner's supplemental motion. In his supplemental motion, Petitioner asserts the following grounds for relief: (1) that he received ineffective assistance of counsel; (2) that there is insufficient evidence to support a RICO conviction; (3) that there is insufficient evidence to support a conviction on a single conspiracy; (4) that the inclusion of the criminal street gang enhancement prejudiced the jury thereby denying him a fair trial; and (5) that he received ineffective assistance of appellate counsel.

**I.    FACTS**

      Petitioner was convicted of conspiring to distribute and possession with intent to distribute 50 grams or more of cocaine base and an unspecified amount of cocaine and

marijuana; murder while engaging in a drug trafficking offense; conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO); two counts of murder in aid of racketeering activity; distributing cocaine base; using and carrying firearms during and in relation to a drug trafficking crime; possessing firearms in furtherance of a drug trafficking crime; and illegally possessing firearms as a convicted felon. Petitioner is serving a term of life imprisonment. On appeal, the Second Circuit Court of Appeals affirmed the conviction, but held that Petitioner's sentence was improperly enhanced by the street gang enhancement. United States v. Matthews, 261 Fed.Appx. 343, 2008 WL 227966 (2d Cir. 2008). On remand, this Court deleted mention of the street gang enhancement and concluded that re-sentencing was unwarranted because "under the current advisory guidelines system, the Court would not have reached a non-trivially different sentence from that imposed as to counts 1, 2, 3, 6, 13, 14, and/or 15 as they apply to the Defendants." See Docket No. 844. On June 1, 2009, Petitioner filed this § 2255 motion. The Government opposes the motion.

## II.     STANDARD OF REVIEW

Under U.S.C. § 2255, a prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence only if he asserts "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "In this collateral attack upon his conviction, petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief." U.S. v. Gallo-Lopez, 931 F.

Supp. 146, 148 (N.D.N.Y. 1996); Parsons v. United States, 919 F. Supp. 86, 88-89 (N.D.N.Y. 1996). "If, upon the Court's review of the record, moving papers, and any attached exhibits and affidavits, 'it plainly appears ... that the movant is not entitled to relief', the Court may summarily dismiss petitioner's motion." Id. (citing Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code).

"Where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993)(overruled on other grounds Massaro v. United States, 538 U.S. 500, 509 (2003))(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). "One way for a § 2255 petitioner to satisfy both the cause and prejudice requirements is to prove that he received ineffective assistance of counsel." Gallo-Lopez, 931 F. Supp. at 148; Murray v. Carrier, 477 U.S. (1986).

Finally, a § 2255 petition cannot be used "to relitigate questions which were raised and considered on direct appeal." United States v. Sanin, 252 F.3d 79,83 (2d Cir. 2001) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)); see also United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)("once a matter has been decided adversely to a petitioner on direct appeal it cannot be relitigated in a collateral attack . . . .").

## III. DISCUSSION

A. **Ineffective Assistance of Counsel**

Petitioner claims that defense counsel provided ineffective assistance of counsel in failing to adequately challenge, exclude and/or preserve for appeal: (1) defense's objection to F.B.I. Agent James Lyons' testimony as violating the Confrontation Clause; (2) the street gang evidence presented; (3) the inclusion of the Enhanced Penalty Allegation in the indictment; and (4) the insufficient evidence to support a single conspiracy presented at trial.

To demonstrate ineffective assistance of counsel, Petitioner must show both (1) his counsel's performance was objectively unreasonable, and (2) that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668 (1984). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the Petitioner must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91 (1995)). To determine whether an attorney's conduct was deficient the "court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. The prejudice inquiry requires asking "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. Id. at 695.

Petitioner first alleges that defense counsel provided ineffective assistance in failing to properly object to and preserve for appeal FBI Agent Lyons' testimony of the statements made to him by government informants. Petitioner alleges that his counsel failed to make

clear his objection based on the Confrontation Clause and, as a result, Petitioner's Sixth Amendment right to be confronted with the witnesses against him was violated.

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The Supreme Court, in Crawford v. Washington, interpreted the Confrontation Clause to apply only to "'witnesses' against the accused-in other words, those who 'bear testimony.'" 541 U.S. 36, 51 (2004). The Supreme Court held that out-of-court statements by witnesses that are *testimonial* are barred under the Confrontation Clause unless the witnesses are unavailable and defendant had prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by the court. Crawford, 541 U.S. at 53. In this case, the statements made by FBI Agent Lyons during his testimony were non-testimonial in nature and involved background information gleaned from informants that formed the basis of Agent Lyons' investigation. Because the statements were non-testimonial, the Confrontation Clause of the Sixth Amendment does not apply and counsel was not objectively unreasonable in failing to object on Confrontation Clause grounds.

Furthermore, Petitioner fails to identify which statements are alleged to have violated his rights under the Confrontation Clause and how any such statements were prejudicial. Because Petitioner failed to appraise the Court of particular violations, he has failed to demonstrate that it was objectively unreasonable for his attorney not to raise a Confrontation Clause objection or that any such failure resulted in prejudice.

Petitioner next alleges that counsel provided ineffective assistance in failing to object to the "street gang" testimony presented at trial. Because the testimony was properly

admitted at trial, it was not objectively unreasonable for counsel to fail to object to the evidence.  Evidence of Petitioner's membership, role and activities in the Bloods street gang was relevant to the RICO conspiracy charged in Count Two of the indictment.  The charge spelled out in detail the activities, roles and acts committed by the Street Gang members and defined the street gang as a drug trafficking organization.  Dismissal of the street gang Enhancement had no bearing on the fact that all evidence relating to the Bloods Street Gang was independently and separately admissible.  As there is no basis to have excluded the street gang testimony, Petitioner's argument is without merit.

Petitioner next alleges that defense counsel provided ineffective assistance in failing to file a pretrial motion to have the enhanced penalty allegations dismissed from the indictment.  As stated previously, all street gang evidence would have been separately and independently admissible and relevant to Count Two of the indictment.  Therefore, the addition of the enhancement to the indictment did not prejudice the jury.  Petitioner has not met his burden of showing ineffective assistance.

Finally, Petitioner alleges that defense counsel provided ineffective assistance in failing to challenge the conviction on multiple conspiracies where Petitioner was indicted on a sole conspiracy.  Petitioner alleges that the evidence presented at trial did not support a conviction on a sole conspiracy.  Counsel raised the issue of multiple conspiracies both at trial and during post trial motions.   "At defendants' request the jury was instructed on multiple conspiracies" and during closing arguments counsel "vigorously argued that multiple conspiracies existed."  Docket No. 844; see also Jury Instructions ("Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the

indictment unless one of the conspiracies proved happens to be the single conspiracy described in the indictment"). Finally, the issue was raised on appeal and found to be without merit. Accordingly, Petitioner has failed to demonstrate that his attorney acted unreasonably or that he suffered any prejudice as a result of counsel's actions. Therefore, Petitioner has not met his burden of showing ineffective assistance.

B.    **Insufficient Evidence to Support a RICO Conviction**

Petitioner alleges that his RICO conviction should be reversed because the evidence presented did not support the conviction. Petitioner alleges the government failed to prove the size, structure, scope, and goals of a "Bloods Enterprise" and his involvement in the "affairs of the enterprise" as required under the law. "On appeal Matthews challenge[d] the sufficiency of the evidence supporting his RICO conviction" and the Second Circuit found his arguments to be without merit. Matthews, 261 Fed. Appx. 343, 2008 WL 227966. **"**Once a matter has been decided adversely to a Petitioner on direct appeal it cannot be relitigated in a collateral attack. " Natelli, 553 F.2d at 7. Petitioner is, thus, barred from raising this argument again in his § 2255 petition.

C.    **Insufficient Evidence to Support Conviction on a Single Conspiracy**

Petitioner alleges that because he was indicted on a single conspiracy and the evidence presented supported conviction on multiple conspiracies, he should not have been found guilty under Court One of the indictment. On appeal Petitioner challenged "all convictions predicated on the existence of a conspiracy between [Petitioner] and the other Petitioners " and the Second Circuit found his arguments to be without merit. Matthews, 261

Fed. Appx. 343, 2008 WL 227966.  Because the Petitioner raised this issue on direct appeal he is barred from raising this argument again in his § 2255 petition.

D.      **The Inclusion of the Criminal Street Gang Enhancement**

Petitioner alleges he was denied a fair trial because the inclusion of the "Enhanced Penalty for Membership in a Street Gang" allegation in the indictment biased the trial jury. "[W]here a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom."  Billy-Eko, 8 F.3d at 113-14 (citing Frady, 456 U.S. at 167-68).  Here, Petitioner alleges that his "trial attorney refused to ask the court to dismiss this penalty, against petitioner's request."  Petitioner fails to allege any cause for failing to seek direct review of this issue on appeal.  Furthermore, in light of the evidence presented at trial as to the activities of Petitioner and other street gang members, which was separately admissible, Petitioner would be "unable to demonstrate prejudice-that his failure to raise this issue earlier affected the outcome of his sentencing and appeal." Gallo-Lopez, 931 F.Supp. at 148.  Therefore, Petitioner's failure to raise this issue earlier has not caused him prejudice.

E.      **Ineffective Assistance of Appellate Counsel**

Finally, Petitioner alleges his appellate counsel provided ineffective assistance in failing to present a competent appeal.  Specifically, Petitioner alleges his counsel (1) failed to raise the objected to hearsay testimony of FBI Agent Lyons, and (2) used the wrong strategy for appealing the conviction under Count One.

The two prong Strickland test applies to the evaluation of appellate counsel. 466 U.S. at 692; Clark v. Stinson, 214 F.3d 315, 321 (2d Cir. 2000). The assessment of appellate counsel's performance is made "on the basis of the facts of the particular case 'viewed as of the time of counsel's conduct.'" Mayo v. Hendersen, 13 F.3d 528, 533 (2d Cir. 1994)(quoting Strickland, 466 U.S. at 690). "To establish prejudice in the appellate context, a petitioner must demonstrate that 'there was a "reasonable probability" that [his] claim would have been successful before the [highest court].'" Mayo, 13 F.3d at 533 (quoting Claudio v. Scully, F.2d at 798, 803 (2d Cir.1992)).

Petitioner first alleges that his appellate counsel provided ineffective assistance in failing to challenge the hearsay testimony of FBI Agent Lyons. In assessing the performance of counsel, the Second Circuit has stated, "[w]e will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a 'significant potential downside.'" Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005)(quoting Sacco v. Cooksey, 214 F.3d 270, 275 (2d Cir. 2000); citing Bell v. Cone, 535 U.S. 685, 701-02 (2002)). In this case, Petitioner's appellate brief makes clear that any decisions made by Petitioner's appellate counsel were contingent on not exposing Petitioner to the chance of again facing the death penalty at a new trial. See Def. Matthews' Br. of Appeal ("Matthews reiterates that he does not wish to assert any position or argument to this Court that could expose him to the risk of the death penalty"). Following Petitioner's wishes and making decisions so as not to re-expose Petitioner to the death penalty is ample justification for forgoing "a potentially fruitful course of conduct." Greiner, 417 F.3d at 319. Therefore, Petitioner does not demonstrate that his attorney's conduct was objectively unreasonable.

Petitioner also alleges that his counsel should have used a different legal strategy to appeal Petitioner's conviction under Count One. Petitioner alleges that "instead of attacking a multiple conspiracy charge that Petitioner was not charged with, Appeals Attorney should have attacked the single conspiracy." In Strickland, the Supreme Court stated that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 at 690-691. Petitioner asserts only that with the different strategy "the verdict could have been different." In doing so, Petitioner fails to demonstrate any probability that his claim would have been successful if his counsel had used a different legal strategy. Furthermore, it is clear from appellate counsel's brief that counsel raised the issue of insufficient evidence to support a conviction under a single conspiracy. See Matthews Br. on Appeal ("Point II There Was Insufficient Evidence, among Other Things, That There Existed a Single Conspiracy as Alleged in the Indictment"). Petitioner does not demonstrate that his attorney's conduct was objectively unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated: October 9, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge